# In the United States Court of Federal Claims

No. 18-1387T

(Filed: March 28, 2019)

(NOT TO BE PUBLISHED)

```
*************************** )
                            )
JOHN W. BARRY, et al.,      )
                            )
              Plaintiffs,   )
                            )
     v.                     )
                            )
UNITED STATES,              )
                            )
              Defendant.    )
                            )
***************************
```

  John W. Barry, *pro se*, Pemberton, NJ; Karrine N. Montaque, *pro se*, Valley Stream, NY; Moses Nelson, *pro se*, Bridgeport, CT; Joel Adeyemi Omotosho, *pro se*, Bridgeport, CT; Julio Ruiz, *pro se*, Bridgeport, CT; Patricia Hinds, *pro se*, West Haven, CT; Elba M. Viera Lopez, *pro se*, Bridgeport, CT; Rosemarie M. Lastimado-Dradi, *pro se*, Ridgefield, WA; Elvah Bliss Miranda, *pro se*, Waipahu, HI; Daniel B. Miranda, *pro se*, Waipahu, HI; Marciaminajuanequita R. T. Dumlao, Honolulu, HI; Rosalie O. Libanag, *pro se*, Ewa Beach, HI; Rodrigo B. Libanag, *pro se*, Ewa Beach, HI; Hannah K. Hart, *pro se*, Honolulu, HI; Brigida E. Chock, *pro se*, Ewa Beach, HI; Michael T. Chock, *pro se*, Ewa Beach, HI; Leonicio Bautista, *pro se*, Honolulu, HI; Scott F. Hawver, *pro se*, Ewa Beach, HI; Beverly Braumuller-Hawver, *pro se*, Ewa Beach, HI; Paul K. Meyer, *pro se*, Kilauea, HI.

  Katherine R. Powers, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her on the motion and brief were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Tax Division, United States Department of Justice, Washington, D.C., and David I. Pincus, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

  Twenty plaintiffs have brought suit in effect contending that the Internal Revenue Service ("IRS") was and is without authority to pursue the collection of tax against them. They identify

7018 0040 0001 1393 2140  7018 0040 0001 1393 2201  7018 0040 0001 1393 2225
7018 0040 0001 1393 2133  7018 0040 0001 1393 2195  7018 0040 0001 1393 2157
7018 0040 0001 1393 2126  7018 0040 0001 1393 2188  7018 0040 0001 1393 2256
7018 0040 0001 1393 2119  7018 0040 0001 1393 2171  7018 0040 0001 1393 2249
7018 0040 0001 1393 2065  7018 0040 0001 1393 2164  7018 0040 0001 1393 2232

nine separate causes of action premised on a variety of tort, constitutional, and statutory bases.[1] The government has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction. United States' Mot. to Dismiss ("Def.'s Mot."), ECF No. 134. Because the court lacks subject-matter jurisdiction over the plaintiffs' claims, the government's motion to dismiss the complaint is GRANTED. The remaining motions by the government and the plaintiffs are all DENIED as moot.

## BACKGROUND

This litigation commenced on September 7, 2018, when the twenty named plaintiffs filed their complaint with the court. Compl., ECF No. 1. Soon after the filing, however, the plaintiffs moved to amend their complaint to add additional plaintiffs and causes of action. Pls.' Mot. to Am. Sealed Compl. ("Am. Compl."), ECF No. 4.[2] In the first amended complaint, the plaintiffs allege nine claims against the federal government and a broad array of government officials in their individual capacities. *See, e.g.*, Am. Compl. ¶¶ 49 (naming the United States as a defendant), 50 (naming the Secretary of the Treasury as a defendant), 51-89 (naming 39 other government employees), 90 (naming 100 "unknown others" as defendants).

Specifically, the plaintiffs allege: (I) "intentional interference with the person [and] invasion of privacy," Am. Compl. at 75-78; (II) "intentional interference with property, trespass to land, trespass to chattels and chattel paper instruments," Am. Compl. at 78-82; (III) "violations of procedural and fundamental due process of law pursuant to 5 U.S.C. § 552(a), [and] the [Fourth], [Fifth], and [Fourteenth] Amendments [as well as to violations of state constitutions] . . . ," Am. Compl. at 82-84; (IV) "violations of civil rights . . . ," Am. Compl. at 85-89; (V) "abuse of process," Am. Compl. at 89-93; (VI) violations of [various tax laws and regulations] culminating in unlawful conduct of an enterprise through a pattern of racketeering activity and mail fraud," Am. Compl. 94-98; (VII) "common law joint tortfeasor" liability, Am. Compl. at 98-99; (VIII) "intentional infliction of emotional distress and mental anguish," Am. Compl. at 99-102; and (IX) "defamation, libel and slander," Am. Compl. at 102-04. Plaintiffs seek monetary and equitable relief for each of these claims. Am. Compl. at 105-10.

The catalyst for these claims was a multitude of collection actions instituted by the IRS from 2000 to 2017, along with a United States Tax Court decision related to some of the collection actions. *See* Order of Dismissal for Lack of Jurisdiction, *Barry v. IRS Comm'r*, U.S.

---

[1]Plaintiffs have also filed a series of duplicative motions requesting ancillary relief, including "Motion[s] to Claim and Exercise Constitutionally Secured Rights and Privileges," *e.g.*, ECF Nos. 15-33, 36-37, 43. "Motion[s] for Default Judgment," *e.g.*, ECF Nos. 63-65, 67-82, 85, 89-90, "Motion[s] to Strike," *e.g.*, ECF Nos. 91, 94, 96, 98, 100-101, 103, 105, 107, 109-110, 112, 114, and "Motion[s] for Sanctions," *e.g.*, ECF Nos. 150-151, 154, 156, 158.

[2]Plaintiffs' first amended complaint is 944 pages long and does not include page numbers. Therefore, all citations to the first amended complaint will refer to numbered paragraphs or the ECF page number.

Tax Court, No. 9682-18 (July 23, 2018).[3] Among other things, the plaintiffs contend that because the Tax Court dismissed Mr. Barry's petition for lack of jurisdiction, *see e.g.*, Am. Compl. ¶ 157, the IRS lacked jurisdiction to take any action regarding the several tax issues and therefore acted without authority. In short, the plaintiffs contend that if the U.S. Tax Court lacks jurisdiction over a tax issue, then any action taken by the IRS regarding that tax issue must be outside the scope of the agency's powers and therefore *ultra vires*.

The complaints were initially filed under seal because they contained unredacted personal information. Accordingly, the government moved to require plaintiffs to file a redacted version of the complaint that omitted all sensitive personal information, *see* Mot. . . . for a Redacted Version of the Compl., ECF No. 6, arguing that "public access to judicial documents" is a "common law right," *id.* at 2 (citations omitted). The court granted the government's motion on November 20, 2018, and required the plaintiffs to "file redacted versions of their complaint, first amended complaint, and second amended complaint that omit all personal information." Order of Nov. 19, 2018, ECF No. 12.[4]

Additionally, two individual plaintiffs, Rosemarie M. Lastimado-Dradi and Paul K. Meyer, filed notices with the court in which they sought to act as representatives for other plaintiffs. *See* Notice of Rosemarie M. Lastimado-Dradi (Nov. 16, 2018), ECF No. 10, Notice of Paul K. Meyer (Nov. 16, 2018), ECF No. 11. On November 19, 2018, the court denied plaintiffs' request, ruling that RCFC 83.1(a)(3) "limits the ability of *pro se* plaintiffs to represent other *pro se* litigants before this court." Order of Nov. 19, 2018, ECF No. 13.[5] Subsequently, plaintiffs filed numerous duplicative motions. *See supra*, at 2 n. 1.

Proceedings in this case were suspended due to the lapse in government appropriations for the Department of Justice, which began on December 21, 2018. *See* Mot. for Stay of Case Proceedings in Light of Lapse of Appropriations (Jan. 2, 2019), ECF No. 61; Order Granting in Part and Denying in Part [Motion for Stay] (Jan. 7, 2019), ECF No. 62. Plaintiffs opposed the suspension and thereafter filed various motions, asking the court to vacate its order suspending the case and also to strike the government's motion to stay. *See, e.g.*, Mot. to Strike Mot. for Stay, filed by Joel Adeyemi Omotosho (Jan. 22, 2019), ECF No. 91; Mot. to Vacate Order on Mot. to Stay, filed by Radames Rodriguez (Jan. 22, 2019), ECF No. 102.

The case resumed on January 31, 2019, after the restoration of funding. *See* Notice of Restored Appropriations, ECF No. 131. Soon thereafter, the government responded to the

---

[3]The collection actions included imposition of liens, levies on property, wage garnishment, and seizing of assets for the non-payment of taxes or collection of taxes. *See, e.g.*, Am. Compl. at ¶ 139.

[4]On November 16, 2018, plaintiffs had filed a motion to further amend their complaint, *see* ECF No. 9, and the court had not acted on that motion by November 19, 2018.

[5]Because the plaintiffs did not fall into one of the exceptions to RCFC 83.1(a)(3), the court required that "each plaintiff in this case must be responsible for his or her own claims." Order of Nov. 19, 2018, at 2. The court also noted that "RCFC 17 requires that 'any action must be prosecuted in the name of the real party at interest.'" *Id.* (quoting RCFC 17(a)(1)).

plaintiffs' numerous motions for default judgment by moving to dismiss the complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), ECF No. 134, and also by moving to amend the caption to remove the names of individual defendants, ECF No. 132. The plaintiffs responded by filing a flurry of their own motions and responses over the next month. *See, e.g.,* Resp. to Mot. to Dismiss, filed by Karrine N. Montaque (Feb. 25, 2019), ECF No. 141; Mot. for Sanctions Pursuant to Rule 11, filed by Moses Nelson (Feb. 27, 2019), ECF No. 151; Reply to Resp. to Mot. for Default Judgment, filed by Leonicio Bautista (Mar. 7, 2019), ECF No. 213. The government replied to the plaintiffs' responses and responded to their motions for sanctions on March 18, 2019, ECF Nos. 232, 233.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

As a threshold matter, jurisdiction must be established before the court may proceed to the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When jurisdiction is challenged, the plaintiff bears the burden of establishing subject matter jurisdiction. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). Although a *pro se* litigant is afforded some leniency as to legal formalities, this does not relieve him or her from meeting his or her jurisdictional burden. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act provides this court with jurisdiction to entertain "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is a jurisdictional statute that creates no substantive right to money damages. *In re United States*, 463 F.3d 1328, 1333 (Fed. Cir. 2006). Thus, to establish jurisdiction, a plaintiff is required to "point to a substantive right to money damages against the United States." *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).

A complaint raising claims that are outside this court's jurisdiction must be dismissed, for the court has no adjudicative power over it. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Steel Co.*, 523 U.S. at 94-95; *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985); *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

## ANALYSIS

### A. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

1. *Counts I, II, V, VII, VIII, and IX Allege Tort Claims and Cannot be Heard by this Court*

"'Federal courts are courts of limited jurisdiction,' and [the Court of Federal Claims] is no exception." *Gray*, 69 Fed. Cl. at 98 (quoting *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461) (Fed. Cir. 1998) (internal citation omitted)). And, for this court to have jurisdiction, Congress must consent for the federal government to be sued through a waiver of sovereign immunity. *Id.* (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). Sovereign immunity, as a principle, immunizes the government from civil liability or criminal prosecution. The government, however, has waived sovereign immunity in certain, defined circumstances. In interpreting these waivers, courts follow the "established practice of construing waivers of sovereign immunity narrowly in favor of the sovereign." *Id.* at 102 (citing *Lane v. Pena*, 518 U.S. 187, 195 (1996)); *see also Lane*, 518 U.S. at 187 ("A waiver of sovereign immunity must be unequivocally expressed in statutory text . . . will not be implied . . . [and] will be strictly construed.") (citations omitted)).

The Tucker Act is one of the waivers to the government's sovereign immunity. "As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction [for the United States Court of Federal Claims] over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained." *Kemper v. United States*, 138 Fed. Cl. 1, 14 (2018) (citing *United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)) (other citations omitted). But the Tucker Act does *not* waive sovereign immunity with regards to tort claims. "[T]he United States Court of Federal claims lacks . . . jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1196-97 (Fed. Cir. 1993); *see also Schillinger v. United States*, 155 U.S. 163, 169 (1894) ("[C]ases sounding in tort are not cognizable in the court of claims."); *Minehan v. United States*, 75 Fed. Cl. 249, 259 (2007) ("[T]he Court of Federal Claims has no jurisdiction over claims which lie in tort."); *see also* 28 U.S.C. § 1491(a)(1). Congress, when enacting the Tucker Act, explicitly excluded tort claims from the court's jurisdiction. 28 U.S.C. § 1491(a)(1) (Vesting jurisdiction in this court for "any claim against the United States . . . *not* sounding in tort.") (emphasis added). Thus, in light of the express text of the Tucker Act, there is no question that this court cannot entertain tort claims against the government.

The plaintiffs have accused the government of a wide variety of tortious conduct. For example, Count I alleges, "intentional invasion of person [and] privacy" through conduct by the IRS, Am. Compl. at 75-78, while Count IX alleges "defamation, libel, and slander," Am. Compl. at 102-04. As Congress has not waived its sovereign immunity for this court to hear these and similar tort claims, and Counts I, II, V, VII, VIII, and IX of the plaintiffs' complaint all plead claims based on tort, the court cannot hear these claims and they must be dismissed pursuant to RCFC 12(b)(1) for lack of jurisdiction.

2. *Counts III, IV, and VI Cannot be Heard by this Court as they are Not Money-Mandating*

The plaintiffs' other enumerated claims against the government are primarily constitutional in nature. Count III alleges "violations of procedural and fundamental due process of law pursuant to 5 U.S.C. § 552(a), [and] the [Fourth], [Fifth], and [Fourteenth] Amendments."

5

Am. Compl. at 82-84. Count IV alleges "violations of civil rights" pursuant to various statutes, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Fourth and Fifth Amendments. Am. Compl. at 85-89.

As previously stated, the Tucker Act is a jurisdictional statute that creates no substantive right to money damages. *In re United States*, 463 F.3d 1328, 1333 (Fed. Cir. 2006). To establish jurisdiction, plaintiffs must "point to a substantive right to money damages against the United States." *Hamlet*, 63 F.3d at 1101 (citing *Testan*, 424 U.S. at 398). Thus, a claim must be money-mandating for this court to have jurisdiction under the Tucker Act. *See Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)); *see also In re United States*, 463 F.3d at 1333-34 ("A substantive law is money-mandating only if it 'can be fairly interpreted as mandating compensation by the [f]ederal [g]overnment for the damage sustained.'") (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)) (alteration added).

Here, however, the constitutional provisions upon which the plaintiffs base their complaint on are not money-mandating. First, the Due Process Clause of the Fifth Amendment is not money-mandating. *See In re United States*, 463 F.3d at 1335 n.5 ("We agree that because the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."); *see also Mullenberg v. United States*, 857 F.2d 770, 772-73 (Fed. Cir. 1988) ("[I]t is firmly settled that [the Due Process Clause of the Fifth Amendment] do[es] not obligate the United States to pay money damages. . . . [and] do not trigger Tucker Act jurisdiction.") (citations omitted)). Second, the Due Process Clause of the Fourteenth Amendment is also not money-mandating. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process Clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.") (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *see also Nie v. United States*, 124 Fed. Cl. 334, 341-42 (2015). Third, although the exact basis of the plaintiffs' Fourth Amendment claim is not apparent, this court is nevertheless powerless to hear it. *Milgroom v. United States*, 122 Fed. Cl. 779, 800 (2015) ("This court [] is without jurisdiction to hear claims alleging violations of the Fourth Amendment.") (citing, among others, *Roberson v. United States*, 115 Fed. Cl. 234, 240 (2014) ("[T]he Fourth Amendment is not money-mandating.")) (other citations omitted). Accordingly, the constitutional claims set out in Counts III and IV of the plaintiffs' complaint must be dismissed pursuant to RCFC 12(b)(1) for lack of jurisdiction.

Plaintiffs also allege *Bivens* claims against the government for the "heavy handed collection action[s] against the [p]laintiffs by seizing privacy property chattels and chattel paper instrument bank accounts, garnishing paychecks, placing liens on land and homes, implementing a violent search invading the privacy of [p]laintiffs without just probable cause, among other egregious *ultra vires* actions." Am. Compl. ¶ 194. But *Bivens* actions are outside of this court's jurisdiction. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). "In *Bivens*, the Supreme Court held a party may, under certain circumstances, bring an action for violations of constitutional rights against [g]overnment officials in their individual capacities." *Id.* (citing *Bivens*, 403 U.S. 388). This court, however, may only hear claims against the United States, "not against individual federal officials." *Id.* (citing 28 U.S.C. § 1491(a)). Thus, all claims

based on *Bivens* in Count IV must be dismissed pursuant to RCFC 12(b)(1) for lack of jurisdiction.

Count IV further alleges violations civil rights pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1985. But like plaintiffs' other claims, this court lacks jurisdiction to hear claims arising under these statutes. 28 U.S.C. § 1343(a)(3) "specifically provides for jurisdiction in the United States District Courts," not this court. *Kortlander v. United States*, 107 Fed. Cl. 357, 370 (2012). In turn, this court cannot hear § 1985 claims. *See* 28 U.S.C. § 1343(a) (vesting district courts with "original jurisdiction" for any civil action "[t]o recover damages . . . by any act done in furtherance of any conspiracy mentioned in [42 U.S.C. § 1985]" and "[t]o redress the deprivation, under color of any State law . . . of any right, privilege or immunity secured by the Constitution of the United States."); *see also Sharpe v. United States*, 112 Fed. Cl. 468, 476 (2013) ("[J]urisdiction to hear such a claim [arising under 42 U.S.C. § 1985 in conjunction with 28 U.S.C. § 1343(a)] belongs exclusively to the district courts . . . and the Court of Federal Claims is not a district court.") (citing *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (*per curiam*)). Thus, all claims in Count IV relating to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1985 must be dismissed pursuant to RCFC 12(b)(1) for lack of jurisdiction.[6]

### 3. *Civil Rico Class Actions Cannot be Maintained Against the Government*

Throughout their amended pleadings and motions, the plaintiffs refer to their complaint as a "Verified Civil R.I.C.O. Complaint." *See, e.g.*, Am. Compl. at 3. But any claims relating to a civil RICO action must also be dismissed. "Established case law under RICO makes it clear" that neither the United States nor an agency of the United States can "commit a crime actionable under RICO." *Wolf v. United States*, 127 Fed. Appx. 499, 500-01 (Fed. Cir. 2005). In essence, as the government "cannot be liable for criminal acts under RICO . . . it cannot be liable for damages under civil RICO provisions." *Id.* Accordingly, all claims in the complaint to a civil RICO action must be dismissed pursuant to RCFC 12(b)(1) for lack of jurisdiction.

## CONCLUSION

For the reasons stated, defendant's motion to dismiss is GRANTED.[7] The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

---

[6]This court also lacks jurisdiction over criminal claims, *see Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994), and accordingly, the criminal allegations of Counts IV and VI cannot survive.

[7]All of the other pending motions are DENIED as moot.

7

| 7018 0040 0001 1393 2287 | 7018 0040 0001 1393 2317 | 7018 0040 0001 1393 2218 |
| 7018 0040 0001 1393 2270 | 7018 0040 0001 1393 2300 | 7018 0040 0001 1393 2331 |
| 7018 0040 0001 1393 2263 | 7018 0040 0001 1393 2294 | 7018 0040 0001 1393 2324 |